IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONCIO GUMERCINDO GOMEZ ESCOBAR, an individual, and CARMEN RUFINO GABRIEL MIRANDA, an individual, on behalf of themselves and all other plaintiffs similarly situated, known and unknown,<br><br>      Plaintiffs,<br><br>  v.<br><br>J.P. ENVIRONMENTAL PRODUCTS CORPORATION, an Illinois corporation, d/b/a GREAT SEA CHINESE RESTAURANT, and FRED S. WANG, an individual,<br><br>      Defendants. | Case No. 1:18-cv-8005 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiffs, Leoncio Gumercindo Gomez Escobar ("Gomez") and Carmen Rufino Gabriel Miranda, ("Gabriel") (together "Plaintiffs"), on behalf of themselves and all other plaintiffs similarly situated, known and unknown, by and through their attorneys, Timothy M. Nolan and Samuel D. Engelson of the Nolan Law Office, complain against Defendants, J.P. Environmental Products Corporation, an Illinois corporation, d/b/a Great Sea Chinese Restaurant ("Great Sea Chinese Restaurant") and Frank S. Wang ("Wang") (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiffs, and other similarly situated employees, statutory minimum

wages and overtime compensation for hours worked over forty (40) in a work week, while compensating the Plaintiffs, and other similarly situated employees, on an improper salary basis. Plaintiffs, and other similarly situated employees, are current and former cooks, food preparers and other kitchen staff employees of Defendants' Great Sea Chinese Restaurant.

2. Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties in this collective action are attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Gomez is a former employee of the Defendants' Great Sea Chinese Restaurant located at 3253 West Lawrence Avenue in Chicago, Illinois. Plaintiff Gomez worked as a cook and food preparer at Defendants' restaurant from approximately July 27, 2015 through November 20, 2018.

6. Plaintiff Gabriel is also a former employee of the Defendants' Great Sea Chinese Restaurant. Plaintiff Gabriel worked as a food preparer at Defendants' restaurant from approximately May, 2017 through November 20, 2018.

7. During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

8. Plaintiffs reside in and are domiciled in this judicial district.

9. Defendant J.P. Environmental Products Corporation does business as and operates the Great Sea Chinese Restaurant on West Lawrence Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

10. Upon information and belief, Defendants have earned more than $1,000,000 in annual gross revenue during 2015, 2016, 2017 and 2018.

11. Defendant J.P. Environmental Products Corporation is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

12. Defendant Wang is an owner of the Great Sea Chinese Restaurant and is the president of the restaurant's operating entity, J.P. Environmental Products Corporation.

13. At all times relevant to this action, Defendant Wang possessed extensive oversight over the Great Sea Chinese Restaurant and its business operations. Defendant Wang was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

14. Upon information and belief, Defendant Wang resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

15. During the period from December, 2015 to November 20, 2018, Plaintiff Gomez regularly worked six (6) days a week. On Sunday, Monday, Wednesday and Thursday, Plaintiff Gomez typically worked from 10:30 a.m. to 9:30 p.m.; and, on Friday and Saturday, he typically worked from 10:30 a.m. to 10:00 p.m. Plaintiff Gomez typically did not work Tuesday. However, Plaintiff Gomez would occasionally work an entire seven (7) day work week including Tuesdays.

16. Based on his schedule, Plaintiff Gomez regularly worked sixty-seven (67) hours in individual workweeks from December, 2015 through November 20, 2018.

17. Defendants paid Plaintiff Gomez a bi-monthly salary on the 15th day and the last day of each month with unreported cash in amounts ranging from $950.00 to $1,050.00 during the relevant period.

18. Defendants paid Plaintiff Gomez below the federal and state minimum wage rate throughout most of his employment, and paid Plaintiff Gomez below the municipal minimum wage rate during the entire term of his employment with Defendants.

19. Defendants did not pay Plaintiff Gomez an overtime premium for hours worked in excess of forty (40) in any work week.

20. During the period from May, 2017 to November 20, 2018, Plaintiff Gabriel regularly worked six (6) days a week. On Sunday, Monday, Wednesday and Thursday, Plaintiff Gabriel typically worked from 10:30 a.m. to 9:30 p.m.; and, on Friday and Saturday, he typically worked from 10:30 a.m. to 10:00 p.m. Plaintiff Gabriel typically did not work Tuesday. However, Plaintiff Gabriel would occasionally work an entire seven (7) day work week including Tuesdays.

21. Defendants paid Plaintiff Gabriel a bi-monthly salary on the 15th day and on the last day of each month with unreported cash in amounts ranging from $900.00 to $1,100.00 during the relevant period.

22. Defendants paid Plaintiff Gabriel below the federal and state minimum wage rate through most of his employment, and paid Plaintiff Gabriel below the municipal minimum wage rate during the entire term of his employment with Defendants.

23. Defendants did not pay Plaintiff Gabriel an overtime premium for hours worked in excess of forty (40) in any work week.

24. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former cooks, food preparers and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

26. During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former cooks, food preparers and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

27. Plaintiffs, and other similarly situated current and former cooks, food preparers and kitchen staff employees, were at times paid below the federal minimum wage rate.

28. Plaintiffs, and other similarly situated current and former cooks, food preparers and kitchen staff employees, worked more than forty (40) hours in individual workweeks and

received no overtime compensation for hours worked in excess of 40 in a workweek due to unlawful salary arrangements.

29. Plaintiffs, and the other similarly situated cooks, food preparers and kitchen staff employees, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to always pay minimum wages, and willfully refusing to pay overtime compensation to cooks, food preparers and kitchen staff employees when they worked in excess of forty (40) hours in an individual workweek.

30. During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of (a) compensating the named Plaintiffs and other similarly situated current and former cooks, food preparers and kitchen staff employees below the required minimum wage and (b) never paying overtime compensation to the named Plaintiffs and other similarly situated current and former cooks, food preparers and kitchen staff employees for any hours worked in excess of forty (40) in a workweek.

31. Defendants at all times failed to pay Plaintiffs, and other similarly situated cooks and kitchen employees, any overtime compensation, including at a rate of one and one-half times their regular hourly rates of pay, when they worked more than forty (40) hours in an individual work week.

32. Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA minimum wage and maximum hour provisions.

33. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

34. There are numerous similarly situated current and former cooks, food preparers and kitchen staff employees who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

35. The similarly situated current and former cooks, food preparers and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

36. Plaintiffs hereby incorporate paragraphs 1 through 35 as though stated herein.

37. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

38. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

39. During the course of Plaintiffs' employment with Defendants, Defendants employed other cooks, food preparers and kitchen staff employees who were similarly not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

40. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

41. Defendant Great Sea Chinese Restaurant is an "enterprise" within the meaning of the FLSA, 29 U.S.C. §203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 §203(s)(1)(a).

42. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and the other non-exempt cooks, food preparers and kitchen staff employees worked more than forty (40)

7

hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

43. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

44. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs and other cooks, food preparers and kitchen staff employees were scheduled to work and did work more than forty (40) hours in a work week, and Defendants further avoided overtime wage obligations by placing Plaintiffs and other cooks, food preparers and kitchen staff employees on an illegal salary compensation plan paid in cash "under the table". On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Leoncio Gumercindo Gomez Escobar and Carmen Rufino Gabriel Miranda, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, J.P. Environmental Products Corporation d/b/a Great Sea Chinese Restaurant and Frank S. Wang, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

45. Plaintiffs hereby incorporate paragraphs 1 through 35 as though stated herein.

46. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

47. Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

48. During the course of Plaintiffs' employment with Defendants, Defendants employed other cooks, food preparers and kitchen staff employees who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

49. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

50. Defendant Great Sea Chinese Restaurant is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

51. Pursuant to 29 U.S.C. § 206, Plaintiffs, as well as other non-exempt cooks, food preparers and kitchen staff employees were entitled to be compensated according to the applicable minimum wage rate.

52. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt cooks, food preparers, dishwashers and kitchen staff employees minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiffs with cash "under the table" and providing no wage statement records. On information and belief, Defendants' cash wage payments were not reported to federal and

9

state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Leoncio Gumercindo Gomez Escobar and Carmen Rufino Gabriel Miranda, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, J.P. Environmental Products Corporation d/b/a Great Sea Chinese Restaurant and Frank S. Wang, as follows:

- A. Judgment in the amount of unpaid minimum wages found due;
- B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;
- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and
- D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

53. Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

54. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

55. Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

56. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

57. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

58. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Leoncio Gumercindo Gomez Escobar and Carmen Rufino Gabriel Miranda, pray for a judgment against Defendants, Defendants, J.P. Environmental Products Corporation d/b/a Great Sea Chinese Restaurant and Frank S. Wang, as follows:

    A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

    B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

    C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

59. Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

60. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

61. Plaintiffs were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

62. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

63. Pursuant to 820 ILCS § 105/4, Plaintiffs were entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiffs, Leoncio Gumercindo Gomez Escobar and Carmen Rufino Gabriel Miranda, pray for a judgment against Defendants, Defendants, J.P. Environmental Products Corporation d/b/a Great Sea Chinese Restaurant and Frank S. Wang, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

    B.    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

64.    Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

65.    Plaintiffs were each an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

66.    Defendants were each an "employer" as defined in the CMWO § 1-24-10.

67.    Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

68.    Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiffs, Leoncio Gumercindo Gomez Escobar and Carmen Rufino Gabriel Miranda, pray for a judgment against Defendants, Defendants, J.P.

Environmental Products Corporation d/b/a Great Sea Chinese Restaurant and Frank S. Wang, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

    B.    Statutory interest damages in the amount of three times the amount of unpaid overtime;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

69.    Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

70.    Plaintiffs were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

71.    Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

72.    Under § 1-24-020(a), Plaintiffs were entitled to be compensated according to the minimum wage requirements of CMWO.

73.    Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiffs, Leoncio Gumercindo Gomez Escobar and Carmen Rufino Gabriel Miranda, pray for a judgment against Defendants, Defendants, J.P. Environmental Products Corporation d/b/a Great Sea Chinese Restaurant and Frank Wang, as follows:

    A.    Judgment in the amount of unpaid minimum wages found due;

13

  B.  Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

  C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  D.  Such other and further relief as this Court deems appropriate and just.

Dated: December 5, 2018

Respectfully submitted,
Leoncio Gumercindo Gomez Escobar and
Carmen Rufino Gabriel Miranda
Plaintiffs, on behalf of themselves and all
other plaintiffs similarly situated, known and known,

/s/ Timothy M. Nolan
_____
One of the attorneys for the Plaintiffs

Timothy M. Nolan (No. 6194416)
Samuel D. Engelson (No. 6326863)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
sengelson@nolanwagelaw.com